## National Bank of Chester v. Israel Zinser et al.

1. STOCKHOLDERS—*In Kansas Corporations—Liability to Creditors.*
—The constitution of the State of Kansas, providing that dues from cor-
porations shall be secured by individual liability of the stockholders to
an additional amount equal to the stock owned by each stockholder, is
self-executing, and creates a liability against stockholders in the corpo-
rations of that State in favor of creditors of the corporation, which may
be enforced in the State of Illinois by the common law action of
assumpsit.

**Memorandum.**—Assumpsit. In the County Court of Tazewell County;
the Hon. GEORGE C. RIDER, Judge, presiding. Heard in this court
at the May term, 1894, on appeal from an order entered on motion of
the defendant dismissing the suit. Reversed and remanded. Opinion
filed November 30, 1894.

### STATEMENT OF THE CASE.

The action below was assumpsit, instituted by the appellant
against the appellee. The declaration was as follows :

The First National Bank of Chester aforesaid, a corpora-
tion organized and existing under and by virtue of the laws
of the United States, viz., the National Banking Act,
and located and doing business at the city of Chester in
said State, plaintiff herein, by the undersigned, its attorney,
complains of Israel Zinser and Elmer F. Zinser, his son, the
defendants herein, of a plea of trespass on the case on
promises.

For that, whereas, there was in or about the year 1888, in
the State of Kansas, organized under the laws of said State,

National Bank of Chester v. Zinser.

a corporation, to wit, The Husted Investment Company of Kansas City, Kansas, which is not a religious, charitable or railroad corporation.

And it was at the time of such organization and has been from thence hitherto provided by the constitution and laws of said State substantially as follows:

" Section 2.    Dues from corporations shall be secured by individual liability of the stockholders to an additional amount equal to the stock owned by each stockholder; and such other means as shall be provided by law."

And the statutes and laws of said State provide substantially as follows:

" Section 32.    If any execution shall have been issued against the property or effects of a corporation, except a railroad or a religious or charitable corporation, and there can not be found any property whereon to levy such execution, then execution may be issued against any of the stockholders, to an extent equal in amount to the amount of stock by him or her owned, together with any amount unpaid thereon; but no execution shall issue against any stockholder except under an order of the court in which the action, suit or other proceedings shall have been brought or instituted, made upon motion in open court, after reasonable notice in writing to the person or persons sought to be charged; and, upon such motion, such court may order execution to issue accordingly; or the plaintiff in the execution may proceed by action to charge the stockholders with the amount of his judgment."

And the plaintiff avers that each of the defendants in this case on or about November 1st, last, at Kansas City, to wit, in the State of Kansas, purchased ten (10) shares of stock in the Husted Investment Company aforesaid, of the face value of one hundred dollars ($100) each, and then and there each became a stockholder in said corporation to the amount of said one thousand dollars ($1,000) and has continued as such from thence hitherto.

And the plaintiff avers that on or about the 10th day of November, 1891, it recovered a judgment in the court of

said State of Kansas, to wit, court of Wyandotte County, against the said Husted Investment Company, to an amount of more than $1,000, and that said judgment is wholly unsatisfied; and that there has been an execution issued against said Investment Company upon said judgment, but that there can not be found any property or effects whereon to levy such execution, and it has been returned "No property found."

By means whereof and by virtue of the statute in such cases made and provided and of the laws of said State of Kansas, each of the said defendants became liable to pay the plaintiff the face value of shares of stock, viz., $1,000, and being so liable, then and there undertook and promised to pay the plaintiff the said amount last named.

And for that, whereas, the constitution and laws of the said State of Kansas contain at present, and have for more than five years last past contained the following provision, viz.:

"Dues from corporations shall be secured by individual liability of the stockholders to an additional amount equal to the stock owned by each stockholder, and such other means as shall be provided by law; but such individual liability shall not apply to railroad corporations, nor corporations for religious or charitable purposes."

And the statutes and laws of said State last named, likewise contain, and have for more than five years last past contained, the following provisions, viz.:

"Section 32. If any execution shall have been issued against the property or effects of a corporation, except a railroad or religious or charitable corporation, and there can not be found any property whereon to levy such execution, then execution may be issued against any of the stockholders, to an extent equal in amount to the amount of stock by him or her owned, together with any amount unpaid thereon, but no execution shall issue against any stockholder, except upon an order of the court in which the action, suit or other proceeding shall have been brought or instituted, made upon motion in open court, after reason-

able notice in writing to the person or persons sought to be charged, and upon such motion, such court may order execution to issue accordingly; or the plaintiff in the execution may proceed by action to charge the stockholder with the amount of his judgment."

"Section 45. No stockholder shall be liable to pay debts of the corporation beyond the amount due on his stock, and an additional amount equal to the stock owned by him."

And the plaintiff avers that during the year 1888, there was organized in the said State of Kansas, and under the laws thereof, a corporation, to wit, The Husted Investment Company, of Kansas City, Kansas, which is not a railroad, religious or charitable corporation, and which has continued in existence from thence hitherto.

And the plaintiff further avers that on or about August 1st, last, at Peoria, Illinois, to wit, in the State of Kansas, each of the defendants therein purchased and became the owners of ten certain other shares of stock in said Husted Investment Company, of the face value of $100 each, and then and there each became a stockholder in said corporation last above, to the amount of $1,000, and yet so remains.

And the plaintiff further avers that on November 10th last, it recovered a judgment in a court of record of said State of Kansas (viz. in the District Court of Wyandotte County) against the said Husted Investment Company to the amount of $5,288.80 upon an indebtedness to the plaintiff herein by said Investment Company, existing on July 22, 1890, and ever since; and that said judgment is wholly unsatisfied.

And the plaintiff further avers that upon said judgment so recovered, there issued in March last, an execution against the property and effects of said corporation (the Husted Investment Company), for the amount of said judgment and costs; which execution was forthwith delivered to the sheriff of said county of Wyandotte for enforcement, and by him returned at the end of its life, viz. in sixty days, no property found and no part satisfied.

And the plaintiff further avers that said corporation defendant, the Husted Investment Company aforesaid, is, and for more than seven months last past has been, insolvent and without assets, and that during no portion of said seven months could there be found any property whereon to levy such execution; that each of the defendants is, and for five years last past has been, a resident and citizen of the State of Illinois; has not, during any portion of that time, been in the State of Kansas or owned property therein; that such liability by them to plaintiff as such stockholders (viz., the amount of the par value of such shares of stock so owned by said defendants) by the laws of Kansas and decisions of its courts, exists as a transitory action, and follows them wherever they reside or are found.

By means whereof and by force of the statutes of this State and of the constitution and statutes and decisions of the highest legal tribunals of the State of Kansas, the said defendants herein became, and yet remain liable to pay to the plaintiff the said sum of $500, viz., the face value of said shares of stock of said Investment Company so owned by them as aforesaid; and being so indebted and liable, then and there undertook and promised to pay to the plaintiff herein, the said sum last above named, whenever thereunto so requested; but being often so requested to make payment thereof, hath refused and still doth refuse; to the damage of the plaintiff of said sum of one thousand dollars, wherefore it sues, etc.

The appellee interposed a motion to dismiss the action in words and figures as follows:

Now come the above named defendants, by W. L. Ellwood, their attorney, and move the court to dismiss this suit for the want of jurisdiction of the subject-matter of this suit; it appearing from the declaration herein that the suit is brought against the defendants as stockholders in a corporation existing in and organized under the laws of Kansas, a foreign State, to enforce an alleged liability of the defendants, as such stockholders, to the plaintiff as a creditor of said corporation, while the laws of Illinois pro-

vide that the liability of stockholders in corporations to creditors of such corporations, shall be enforced in equity.

The Circuit Court sustained the motion and dismissed the action, to which ruling the appellants preserved proper exceptions. This was an appeal from the judgment of the court dismissing the suit.

APPELLANT'S BRIEF, H. C. FULLER AND R. H. RADLEY, ATTORNEYS.

Appellant contended that the suit can be maintained by the following courts:

*a*, the Circuit Court at Bloomington in the Sidney Tuttle suit; *b*, this court in the same suit; *c*, the Appellate Court of the Second District in the Peter Schertz suit; *d*, the Supreme Court of Kansas, in the 33d Kansas above noted, which declared:

" This ruling does not deprive a creditor of the insolvent corporation of a remedy against the stockholder residing in another State and upon whom service can not be obtained here. While the liability is statutory, it is one which arises upon the contract of subscription to the capital stock of the corporation, and an action to enforce the same is transitory and may be brought in any court of general jurisdiction in the State where personal service can be made upon the stockholder."

Stockholders can only be sued at law. 35 Fed. Reporter, 640; see 45 Fed. Reporter, 445; Spelling on Corporations, Secs. 907, 913, 919. Ohio law requires joining. 41 Ohio St. 78. Equity suit causes delay. 44 Ohio St. 318. Creditor may elect remedy. Spelling, Sec. 917; Mason v. Lewis (Ohio), 17 N. E. Rep. 558; Plumb et al. v. Bank, 29 Pac. Rep. 699.

APPELLEES' BRIEF, WILLIAM L. ELLWOOD, ATTORNEY.

Appellees contended that the law of Illinois governs the remedy; that the *lex loci contractus* fixes and governs the liability, while the *lex fori* determines the remedy; citing Burchard v. Dunbar, 82 Ill. 450; Mineral Point R. R. Co.

v. Barron, 83 Ill. 365; Woodward v. Brooks, 128 Ill. 222;
Brown v. Slate Co., 134 Mass. 590; Bank of N. A. v. Rindge,
27 N. E. Rep. 1015.

And that the laws of Kansas create no liability against
appellees.

The clause of the constitution set out in the declaration
is not self-enforcing, but before its provisions can become
operative, it is necessary that the Kansas legislature re-enact
them.   The statute assumes a liability and then prescribes
a remedy.   That the constitution is not self-executing, see
French v. Teschemaker et al., 24 Cal. 518; Morley v. Thayer,
3 Fed. Rep. 737; Grove v. Slaughter, 15 Pet. (U. S.) 449;
Fusz v. Spaunhorst, 67 Mo. 256.   And that if there is any
liability it can not be enforced in Illinois.   New Haven
Horse Nail Co.  v. Linden Spring Co., 142 Mass. 34, 7 N. E.
Rep. 773; Rice v. Hosiery Co., 56 N. H. 114; Andrews v.
Bacon, 38 Fed. Rep. 777; Nimick & Co. v. Mingo Iron Works
Co., 25 W. Va. 184; May v. Black, 77 Wis. 101, 45 N. W.
Rep. 949; Bank of N. A. v. Rindge, 27 N. E. Rep. 1015.

It must be constantly borne in mind that the liability
claimed, and the remedy contended for, did not exist at com-
mon law; but if they exist at all, they are in derogation of
the common law, are purely statutory, and the law concern-
ing them is to be strictly construed and applied.   Rice v.
Hosiery Co., 56 N. H. 114; Chase v. Lord, 77 N. Y. 1; Pol-
lard v. Bailey, 20 Wall. (U. S.) 520; Horse Shoe Nail Co. v.
Linden Springs Co., 142 Mass. 349; Howells v. Manglesdorf,
33 Kan. 195; Bank v. Sewing Society, 28 Kan. 423; Cook
on Stockholders, Sec. 214.

A court of law has not jurisdiction in an action by a
creditor of a corporation for a debt incurred since July 1,
1872 (except by garnishment for unpaid subscription money),
and it was so expressly decided in Richardson v. Akin et
al., 87 Ill. 138.

Again, if there is a liability, it is to all the creditors as a
class, and can only be enforced in equity, and the bill must
be by, or on behalf of, all the creditors.   Rounds v. McCor-
mick et al., 114 Ill. 252; Harper v. Union Mfg. Co. et al.,

100 Ill. 225; Low, use of, etc., v. Buchanan, 94 Ill. 76; Curran v. Bradner, 27 Ill. App. 682.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

This case was submitted to us at our May term, 1893. We had previously held in the case of Tuttle v. National Bank of the Republic, 48 App. 481, that section 2 of the constitution of the State of Kansas recited in the declaration in the case at bar was self-executing, and that it created a liability against a stockholder in the corporations of that State in favor of a creditor of the corporation which was enforceable in an action of assumpsit in the courts of Illinois in the event that the corporation became insolvent or had been dissolved leaving debts unpaid. The Supreme Court of Illinois on the 19th day of June, 1893, and while the case at bar was under advisement in this court, rendered an opinion in the case of Fowler et al. v. Lamson et al., 143 Ill. 472, which counsel for the appellee interpreted as in effect overruling our holding in the Tuttle case.

An appeal which was prosecuted to the Supreme Court from our decision in the Tuttle case was then pending.

We permitted counsel in the present case to file additional briefs and arguments and reserved decision until further advised by the disposition made of the Tuttle case by the Supreme Court.

The opinion of that court in that case has now been filed. Tuttle v. National Bank of Republic (not yet reported).

It affirms our ruling and distinguishes the Tuttle case from that of Ford et al. v. Lamson, *supra*, and distinctly holds that the provision of the constitution of the State of Kansas recited in the declaration in the case at bar is self-executing, and creates a liability against a stockholder in the corporations of that State in favor of a creditor of the corporation which may be enforced in this State by the appropriate common law remedy.

It is not doubted that assumpsit is the appropriate remedy.

The motion of the appellee to dismiss the cause upon the

ground that the remedy was in equity ought have been overruled by. the Circuit Court. Because of the error in respect of this ruling of the Circuit Court, the judgment of that court must be and is reversed and the cause remanded for further proceeding consistent with the views here expressed.